**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TORMU E. PRALL,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VICTORIA KUHN, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 24-8778 (MAS) (TJB)<br><br>**OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on several motions by the parties. The first group of motions are Motions to Dismiss Plaintiff's Amended Complaint (ECF No. 1 at 58-113) filed by Defendant Andrew Youngblood ("Youngblood") (ECF No. 19) and Defendants Allison Myers ("Myers") and Randy Belin ("Belin" and together with Youngblood and Myers, the "Moving Defendants") (ECF No. 26). Plaintiff filed responses to the Moving Defendants' Motions (ECF Nos. 23, 32), to which the Moving Defendants replied (ECF Nos. 24, 34).

　　The second group of motions are Plaintiff's Motions for an Order to Show Cause that purport to seek an "interlocutory injunction." (ECF Nos. 6, 16) Defendants Youngblood, Victoria Kuhn, Marcus Hicks, Kelly Daniels, Duane Grade, Michael Crawford, Michael Edwards, Amy Emrich, Zachary Goodwin, Damian Hadden, Joseph Santiago, and Craig Sears (collectively, the "Responding Defendants") filed responses (ECF Nos. 31, 35) to Plaintiff's Motions, to which Plaintiff replied (ECF Nos. 37, 38).

For the following reasons, the Court grants the Moving Defendants' Motions and denies Plaintiff's Motions.

I. **BACKGROUND**

In his amended complaint, Plaintiff seeks to raise a number of claims against various New Jersey state officials related to alleged improprieties he suffered during his current period of detention. (*See* ECF No. 1 at 6-113.) In his operative complaint, Plaintiff identified Youngblood, Myers, and Belin as the Director of the Rutgers Department of Dentistry which oversees prison dental care, the Chair of New Jersey's Civil Service Commission, and the Records Custodian of the Civil Service Commission, respectively. (*Id.* at 61.)

As to Youngblood, Plaintiff pleads that, prior to incarceration, he had a decayed front tooth that he intended to have removed and replaced with a prosthetic. (*Id.* at 83.) That tooth fell out. (*Id.*) According to Plaintiff, prison policy provides that prosthetics and dentures are only provided to inmates who have lost at least six teeth. (*Id.*) Plaintiff alleges that he suffers embarrassment over his missing tooth and believes that the failure to provide him dentures is a violation of his rights. Plaintiff does not allege that he was denied dental treatment for the lost tooth, only that he has not been provided with a prosthetic. (*Id.*) Youngblood's only apparent connection to this issue was the six tooth policy, which Plaintiff does not clearly allege Youngblood put into place, and the fact that Plaintiff filed grievances requesting a prosthetic of which he believes Youngblood was "ke[pt] . . . abreast." (*Id.* at 83, 101.) Plaintiff thus appears to be raising claims against Youngblood for violations of his Eighth Amendment right to dental treatment. Plaintiff also relates his allegations regarding Youngblood to his state-created danger claim, a fraudulent concealment claim, a "willful blindness" claim, and a generic supervisory liability claim. (*See id.* at 104-10.)

Plaintiff's Amended Complaint contains very few direct allegations related to Myers or Belin. Plaintiff alleges that Myers has not put into place a mechanism to penalize her subordinates

2

who violate the New Jersey Open Public Records Act ("OPRA"), that unspecified "Records Custodians" have "declined" to "provide [him] with the hierarchical breakdown, and the full names, positions, titles, functions, salaries, and hiring dates" of numerous and largely unspecified state workers, that Myers, with others, in some way "permitt[ed]" OPRA related mail to be opened outside of Plaintiff's presence on unspecified dates, and that Myers was involved in the promotion of prison staffers despite those staffers possibly being involved in wrongdoing at various state prisons over the course of fourteen years. (*Id.* at 96-98.) Myers should have been aware of alleged wrongdoing, Plaintiff suggests, because of newspaper articles he assumes she read. (*Id.* at 99.) Plaintiff, with little elaboration, also asserts that Myers failed to punish wrongdoers in the state prison system. (*Id.* at 100-01.) Finally, Plaintiff alleges that Myers and other state officials did not adequately keep track of prison activity to properly train or punish prison employees. (*Id.* at 103.) Plaintiff thus appears to be raising various federal civil rights claims against Myers and potentially Belin, as well as a claim under OPRA against Belin for failing to provide information to Plaintiff. (*Id.* at 96-103.) Plaintiff's claims against them, however, are at best unclear and are almost entirely conclusory in nature. Plaintiff provides virtually no allegations against Defendants Myers and Belin that are not part of a conclusory assertion of wrongdoing by a litany of various Defendants who are not clearly related to one another. (*Id.*)

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A

complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

### B. Motion for a Preliminary Injunction

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks and citation omitted). A preliminary injunction (or temporary restraining order)[1] may be granted only if plaintiffs establish that: (1) "they are likely to succeed on the merits of their claims"; (2) "they are likely to suffer irreparable harm without relief"; (3) "the balance of harms favors them"; and (4) "relief is in the public interest." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017) (citation omitted). "A plaintiff's failure to establish any element in

---

[1] A request for a temporary restraining order is subject to the same standard as a request for a preliminary injunction. *See Ace Am. Ins. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 730-31 (3d Cir. 2009).

its favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit-Mar Enters. Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (citation omitted).

The movant bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). A court may issue an injunction to a plaintiff "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback & Conserve Program*, 42 F.3d 1421, 1427 (3d Cir. 1994) (citation omitted); *see also P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) ("The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate.").

### III. DISCUSSION

#### A. Motions to Dismiss

##### 1. *Plaintiff's Federal Civil Rights Claims against Myers and Belin*

In moving to dismiss, Myers and Belin first argue that Plaintiff's federal civil rights claims against them must be dismissed without prejudice as Plaintiff fails to allege sufficient facts to show that they were personally involved in any of the alleged violations of Plaintiff's rights.

A defendant may only be held liable in a federal civil rights matter where he had personal involvement in the alleged wrongs. *See, e.g.*, *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As supervisory officials may not be held vicariously liable for the actions of their subordinates in a civil rights action, a supervisory defendant will only be subject to liability where he was either directly involved in the alleged violation, directed others to engage in the alleged improper conduct, had *actual* knowledge of the alleged wrong and acquiesced in its occurrence,

5

or instituted specific policies or practices that were the moving force behind the violation. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

Here, although Plaintiff alleges several instances in which he believes his rights were violated while in state prison facilities, he provides no factual allegations which clearly indicate any role in those actions by Myers and Belin. Plaintiff references unspecified newspaper articles that may have mentioned suits filed by other inmates. Plaintiff, however, provides no facts to suggest that Myers and Belin, both of whom are or were employees of the State Civil Service Commission and not involved in the day-to-day activities of the state Department of Corrections or its prisons, should have been aware of any wrongdoing.

Plaintiff likewise fails to plead any policy, practice, or custom put into place by Myers and Belin that led to the alleged infractions contained in his Amended Complaint. Plaintiff instead appears to rely either on improper respondeat superior claims to tie the two Civil Service Defendants to his claims or on vague and conclusory assertions that Myers and Belin were somehow related to the promotion or failure to reprimand prison employees. Plaintiff, however, failed to provide factual allegations regarding what promotions or reprimands the Moving Defendants were part of, what role they played, or how members of the Civil Service Commission were in any way a part of the alleged wrongdoings in a prison in which they did not work or have a direct role. Plaintiff thus fails to plead any personal involvement by the two Civil Service Defendants in his civil rights claims, and Plaintiff's federal civil rights claims against Myers and Belin must therefore be dismissed without prejudice at this time.[2]

---

[2] Because this Court will dismiss Plaintiff's federal civil rights claims at this time, the Court need not and does not address Myers's immunity arguments.

### 2. *Plaintiff's civil rights and related claims against Youngblood*

Youngblood argues that Plaintiff's claims against him should also be dismissed as Plaintiff fails to plead a valid claim for relief either on a direct or a supervisory basis. Turning first to Plaintiff's medical/dental claim, for such a claim to have merit, Plaintiff must plead facts indicating that Youngblood was deliberately indifferent to his medical, or in this case dental, needs. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *see also Talbert v. Corr. Dental Assocs*, 731 F. App'x 145, 150-51 (3d Cir. 2018) (same standard applied to dental claims). This requires that Plaintiff plead both a sufficiently serious medical need, and that Youngblood engaged in actions or omissions which indicate he was deliberately indifferent to that serious need. *Id.*

A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). A defendant's actions or omissions will in turn amount to deliberate indifference where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Here, Plaintiff alleged he lost a tooth that he knew needed extraction prior to his initial incarceration. He does not allege that he was not provided treatment for the tooth upon its loss, or that he was denied dental care thereafter, but only that the New Jersey prison system has declined to provide him with a cosmetic replacement for the lost tooth. Plaintiff does not provide any basis for concluding this is a serious medical need other than his own embarrassment and discomfort at having a missing tooth for which he could have sought treatment before being imprisoned. Moreover, Plaintiff does not allege any facts suggesting that Youngblood was in any way aware of the lost tooth until he filed grievances after the fact. Plaintiff has not alleged that Youngblood was in any way personally involved with his dental treatment, nor has he alleged facts suggesting

7

that Youngblood was responsible for the policy he suggests requires six lost teeth for dentures to be provided. Plaintiff thus has not alleged that Youngblood was personally involved with the tooth loss situation and the denial of a cosmetic implant. Plaintiff has also not alleged a sufficiently serious need to support an Eighth Amendment claim as he has not alleged facts indicating that the lost tooth actually impedes his dental activity in a sufficiently serious manner on anything but a cosmetic level. Plaintiff's dental claim against Youngblood must therefore be dismissed without prejudice for failure to state a claim for relief.

In addition to his medical claim, Plaintiff also tries to frame his claim against Youngblood as giving rise to liability for fraudulent concealment, a claim which must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiff also attempts to raise claims against Youngblood for state-created danger and willful blindness. Plaintiff, however, pleads no facts against Youngblood to suggest liability for any of these claims. He does not allege any particular fraudulent activity by Youngblood, does not allege what state-created danger he believes Youngblood created or how it violates the Due Process clause, and does not define the nature of Plaintiff's "willful blindness" claim against Youngblood. As Plaintiff has failed to plead any factual allegations to support these claims against Youngblood, they must be dismissed without prejudice for failure to plead a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Youngblood's motion is therefore granted, and Plaintiff's claims against Youngblood are dismissed without prejudice at this time.

### 3. *Plaintiff's OPRA claims against Belin*

The Moving Defendants argue that this Court should dismiss Plaintiff's OPRA claims against Belin as Plaintiff's Amended Complaint fails to meet federal pleading requirements and fails to state a claim upon which relief may be granted. In his Amended Complaint, Plaintiff does not identify any specific record request, submitted to Belin, with which Belin refused to comply.

Instead, Plaintiff only identifies record requests submitted to DOC officials which provided unsatisfactory results, and a conclusory allegation that various records custodians failed to provide him with a litany of information about largely unspecified prison officials. Plaintiff does not allege that he made a specific request to Belin, that the request was blocked or otherwise denied by Belin, and that no exemption from public access applied, and thus fails to plead specific facts suggesting an OPRA violation. *See, e.g., Matter of N.J. Firemen's Assoc. Obligation to Provide Relief Applications Under the Open Public Records Act v. Doe*, 230 N.J. 258, 277-78 (2017) (discussing the public's right of access under OPRA generally). As Plaintiff does not allege any specific conduct by Belin that gave rise to a state law OPRA violation and relies instead solely on vague and conclusory allegations to suggest that Belin harmed him, he fails to plead a viable claim for relief. *See Iqbal*, 556 U.S. at 678. Plaintiff's OPRA claims are therefore dismissed without prejudice as to the Moving Defendants.

B.  **Motions for a Preliminary Injunction[3]**

The Court next turns to Plaintiff's Motions for a Preliminary Injunction.[4] Based on the Court's dismissal of the operative complaint against Youngblood, Myers, and Belin, Plaintiff's request for injunctive relief is denied with respect to those defendants. *See Copeland v. US Bank Cust PC5 Sterling Nat'l*, No. 20-7016, 2021 WL 2134942, at *10 (D.N.J. May 26, 2021) (denying the plaintiff's motion for preliminary injunction because the court dismissed the plaintiff's complaint for failure to state a claim); *Cowe v. All-Time Auto Body*, No. 24-9803, 2025 WL 20010, at *1 (D.N.J. Jan. 2, 2025) (denying motions as moot as a result of the dismissal of the plaintiff's complaint). Even if the Court were not denying these motions based on the Court granting the Moving Defendants' Motions to Dismiss, the motions would be denied based on the relief sought. This rings true for the Responding Defendants and Unserved Defendants as well.

In these motions, it appears that Plaintiff is seeking an injunction granting various forms of relief based on the claims raised in his Amended Complaint. (*Compare* ECF Nos. 6, 16, *with* ECF No. 1.) This is evidenced by Plaintiff specifically cross-referencing paragraph numbers in his Amended Complaint. Plaintiff is not seeking to merely preserve the status quo. Instead, he is

---

[3] At the outset, the Court notes that it is not eminently clear which party Plaintiff's Motions are addressed to and what injunctive relief Plaintiff is seeking. For these reasons alone, the Court may deny Plaintiff's Motions. *See McClees v. Eymss, LLC*, No. 23-21053, 2024 WL 4476153, at *3 (D.N.J. Oct. 11, 2024) ("[B]ecause [p]laintiff does not specify who he seeks to be enjoined and how, the [c]ourt cannot determine [whether a preliminary injunction is appropriate] here."); *Jones v. Owens*, No. 17-2634, 2017 WL 4881567, at *3 (D.N.J. Oct. 30, 2017) ("Plaintiff's request for a preliminary injunction is denied without prejudice as he does not indicate what kind of injunctive relief he is seeking, nor does he address the factors the [c]ourt must consider in determining whether to grant injunctive relief.") Absent a description of the specific acts sought to be restrained or required, the Court cannot enter an order granting injunctive relief. *See* Fed. R. Civ. P. 65(d) (requiring "[e]very order granting an injunction and every restraining order [to] . . . describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required"). Out of an abundance of caution, the Court, however, further considers Plaintiff's Motions.

seeking to have this Court order presumably all named defendants to alter the status quo, which is a mandatory injunction. *See Mandatory Injunction*, Black's Law Dictionary (12th ed. 2024) (defining a "mandatory injunction" as "[a]n injunction that compels a party to do some act or mandates a specified course of conduct" and noting that "[c]ourts are typically more reluctant to grant a mandatory injunction than a prohibitory one"). "A party seeking a mandatory preliminary injunction that will alter the status quo bears a particularly heavy burden in demonstrating its necessity." *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994).

Here, Plaintiff fails to satisfy his "heavy burden" to demonstrate the necessity of his requested injunctive relief. First, Plaintiff has not demonstrated a likelihood of success on the merits of the claims in his Amended Complaint. The allegations are often vague and conclusory and, at best, are difficult to follow. Here, where it is difficult for the Court to even decipher Plaintiff's claims, the Court cannot find that Plaintiff demonstrated a likelihood of success on the merits.[5]

Even if the Court presumed that Plaintiff demonstrated a reasonable likelihood of success on the merits of his claims in the Amended Complaint, he has not shown irreparable harm. "[A]n

---

[4] Plaintiff has yet to serve the following Defendants: (1) Gary M. Lanigan; (2) Bruce Davis; (3) Raymond Royce; (4) T. Phillips; (5) Jennifer Akturk; (6) Victor Poupart; (7) Phil Murphy; (8) Matthew Platkin; (9) Rutgers; and (10) New Jersey Department of Corrections (collectively, the "Unserved Defendants"). The Court has no authority to enter a preliminary injunction unless the non-moving party has been notified. *Visual Scis., Inc. v. Integrated Commc'ns Inc.*, 660 F.2d 56, 59 (2d Cir.1981) ("A court must have in personam jurisdiction over a party before it can validly enter even an interlocutory injunction against him."); *see also Reid v. Portfolio Recovery Assocs., LLC.*, No. 24-2101, 2025 WL 96302, at *2 (M.D. Pa. Jan. 14, 2025) (citing Fed. R. Civ. P. 65). Here, this action was removed to this Court on August 27, 2024 and Plaintiff filed his Motions on September 12, 2024 and October 7, 2024, respectively. To date, Plaintiff has yet to serve the Amended Complaint and his Motions on the Unserved Defendants. Because the Court has no authority to grant the relief Plaintiff is seeking at this time as to the Unserved Defendants, Plaintiff's Motions as to the Unserved Defendants are denied.

[5] As previously mentioned, the Court was further hampered by Plaintiff's failure to address the relevant preliminary factors as the factors relate to his various claims.

injunction cannot issue to simply eliminate the possibility of a future denigration in [a prisoner-plaintiff's] . . . health or as a redress for past harms." *Thomas v. Little*, No. 22-2246, 2024 WL 3295584, at *6 (E.D. Pa. July 3, 2024). Plaintiff presents no plausible argument or evidence that he is in an "imminent emergency that would necessitate this extraordinary form of relief." *Id.* Because Plaintiff does not satisfy the irreparable-harm factor for issuance of a preliminary injunction, the Court will not evaluate the remaining factors and will deny his Motions for a Preliminary Injunction.

## IV.   CONCLUSION

For the reasons expressed above, the Moving Defendants' Motions (ECF Nos. 19, 26) are **GRANTED**, and Plaintiff's Motions are **DENIED** (ECF Nos. 6, 16). An order consistent with this Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE