NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TORMU E. PRALL,

                  Plaintiff,

        v.

VICTORIA KUHN, et al.,

                  Defendants.

Civil Action No. 24-8778 (MAS) (TJB)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

This matter comes before the Court on Defendant Randy Belin's ("Defendant" or "Belin") motion to dismiss (ECF No. 55) the claims raised against him in Plaintiff's second amended complaint ("SAC") (ECF No. 50). Plaintiff filed opposition to the motion (ECF No. 61), to which Belin replied (ECF No. 64). For the following reasons, Belin's motion to dismiss shall be granted.

In his SAC, Plaintiff seeks to raise claims regarding prison issues such as pat down searches, isolated confinement, censorship, and the denial of certain personal items. (*See* ECF No. 50.) In addition to the various prison and Department of Corrections officials named as Defendants in his SAC, Plaintiff also names Belin, who Plaintiff asserts was the former records custodian of the state Civil Service Commission. (*Id.* at 4.) Plaintiff alleges that "[m]idway in 2023, [he] submitted Open Public Records Act [("OPRA")] requests [to] Belin" seeking information about the job history and benefits of various corrections officials, and Belin did not timely respond. (*Id.* at 25.) Based on this alleged failure to respond to his records requests, Plaintiff contends that Belin denied him due process and violated OPRA, rendering Defendant liable to him under either 42

U.S.C. § 1983 or the New Jersey Civil Rights Act ("NJCRA"). (*Id.* at 30, 34.) Belin now moves to dismiss the claims against him.

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

Belin argues that Plaintiff's SAC fails to state a claim for relief under the Fourteenth Amendment and Section 1983 because it asserts, at best, only a violation of a state public records statute. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person

acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). A § 1983 claim cannot be premised on a mere violation of state law. *McMullen v. Maple Shade Township*, 643 F.3d 96, 100 n.5 (3d Cir. 2011). That Belin may have allegedly violated OPRA, a state statute, is not sufficient to support a claim for relief under § 1983 as any such violation does not arise out of a right protected by the United States Constitution or federal law and, instead, concerns only questions of state law. Because Plaintiff has not alleged facts to support the contention that Belin deprived him of a right protected by federal law, Plaintiff's § 1983 claim against Belin must be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Belin also argues that Plaintiff's other claim against him, which arises under the NJCRA, fails to state a plausible claim for relief because Plaintiff is vague regarding the specific requests he made to Belin. The NJCRA, N.J. Stat. Ann. § 10:6-2(c), is New Jersey's state law analogue to a federal § 1983 claim. It provides plaintiffs with a means to seek relief from state officials who violate rights protected by New Jersey's state constitution and statutes. *See Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011). In his NJCRA claim against Belin, Plaintiff alleges that he was entitled to the documents he requested—all of which relate to employment information for various Department of Corrections officials—and Belin was required to either provide those documents or transfer Plaintiff's request to someone who could provide them under state law. Plaintiff's allegations are not entirely clear. Plaintiff, nevertheless, has alleged sufficient facts to permit the inference that Plaintiff had a right under state law to have his requests for documents (at the very least) responded to, that Belin failed to comply with his requests or otherwise explain the denials, and that Belin therefore violated his rights under OPRA. On its face, Plaintiff has pled a plausible state law claim under the NJCRA because he has pled facts indicating that Belin deprived him of a state law entitlement and that Belin was a state actor.

Belin contends, however, that even if Plaintiff's state law claim against him states a plausible basis for relief, the Court in any event lacks jurisdiction to address that claim because it does not present a federal question and the Court cannot exercise supplemental jurisdiction over Plaintiff's NJCRA claim. Federal courts are courts of limited jurisdiction. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). In non-diversity cases, federal courts generally only have jurisdiction over claims "arising under" federal law. *Id.* Where a plaintiff has a claim arising under federal law, however, he may also raise pendent state law claims in federal court through the exercise of this Court's supplemental jurisdiction. *Id.* at 30-32. Supplemental jurisdiction, however, can only be used by federal courts to decide state law claims "so related" to the claims which give rise to the Court's original jurisdiction that the claims form "part of the same [constitutional] case." *Id.* at 31. This requires that a plaintiff's state law claims share a "common nucleus of operative facts" with the plaintiff's federal law claims. *Id.* Supplemental jurisdiction cannot be used by a plaintiff to force a particular defendant to be a party to a suit which chiefly raises "numerous issues with which [he has] no connection." *See Abdur-Raheem v. N.J. Dep't of Corr.*, No. 15-1743, 2017 WL 1050581, at *19 (D.N.J. Mar. 20, 2017).

In this matter, Plaintiff's state law claim against Belin is unrelated to any federal claim other than the OPRA-violation-based § 1983 claim discussed above.[1] It does not share a common nucleus of operative facts with any of Plaintiff's other claims, and permitting Plaintiff to maintain this claim merely because he has raised other unrelated federal claims would be an inappropriate

---

[1] Plaintiff raises similar OPRA-based claims against another Defendant, John Falvey. Falvey did not move to dismiss that claim, but the claim against Falvey equally fails to state a plausible basis for relief under § 1983. The Court lacks *sua sponte* screening authority at this time in light of the procedural posture and history of this matter and, therefore, cannot dismiss that claim at this time despite its infirmity. Nevertheless, the fact that Plaintiff has raised a similar meritless claim against a completely different individual based on a separate OPRA request made to that other individual is not a sufficient basis upon which to permit the Court to extend supplemental jurisdiction to cover Plaintiff's state law claims against Belin.

4

use of this Court's supplemental jurisdiction. The Court, thus, must decline to exercise supplemental jurisdiction over that claim and must dismiss the claim without prejudice for lack of jurisdiction at this time. Belin's motion shall therefore be granted, and Plaintiff's claims against him shall be dismissed without prejudice.

IT IS THEREFORE on this 15ᵗʰ day of June, 2026, ORDERED that:

1. Defendant's Motion (ECF No. 55) is GRANTED;

2. Plaintiff's claims against Belin are DISMISSED WITHOUT PREJUDICE; and

3. The Clerk of the Court shall serve a copy of this Memorandum Order upon Defendants electronically and upon Plaintiff by regular mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE